# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-60195
Summary Calendar

ROBERT PORTER, JR.,

Plaintiff-Appellant

v.

MARK CARPENTER, Police Officer, Bolivar County Sheriff Department; JEFF JOEL, Police Officer, Bolivar County Sheriff Department; SOUTHERN WRECKER SERVICE; JOE PHILLIPS, Cleveland Wrecker Service; JERRY PHILLIPS, Cleveland Wrecker Service,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:08-CV-88

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Porter, Jr., Mississippi prisoner # 79579, moves this court for leave to proceed in forma pauperis (IFP) on his appeal of the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. The district court denied leave to appeal IFP and certified that the appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3). By moving to proceed IFP in this court,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Porter is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997).

Porter asserts that the search of his vehicle violated his constitutional rights because no search warrant was issued and because he was no longer near the vehicle when it was searched. Porter, who alleged that the defendants were negligent, fails to show that the district court erred in dismissing his civil rights action. *See Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003).

Porter also contends that he was a pretrial detainee rather than a prisoner and that the district court therefore erred in determining that his claim should be dismissed on grounds that Mississippi provides an adequate post-deprivation remedy for the confiscation of prisoner property. Porter's argument fails to show that the district court erred in dismissing his action. *See Nickens v. Melton*, 38 F.3d 183, 185-86 (5th Cir. 1994).

Porter has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his motion to proceed IFP is denied. *See Baugh*, 117 F.3d at 202. His appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Porter's complaint as frivolous and the dismissal of this appeal as frivolous count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Porter is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.